BOLIN, Judge
(dissents).
I respectfully disagree that the value fixed by the majority opinion reflects the *58 fair market value of the property expropriated.
As correctly stated in the majority opinion, LSA-R.S. 19:9, as well as the jurisprudence, provides the fair market value shall be determined without regard to any increment of value occasioned by “the contemplated improvement”. However, when the majority then concludes the enhancement in value of this property was caused by the extension of Monkhouse Drive rather than the construction of Interstate 20, I think they fell into grievous error. It is undisputed that a large portion of the 1.4 acres in question is comprised of property which formerly abutted on the dead end portion of Monkhouse Drive. While the record is not entirely clear as to how the City of Shreveport opened Monkhouse Drive (if in fact same was ever entirely completed) without having obtained title to this property, it seems obvious to me that from a legal standpoint such extension was undertaken pursuant to a joint understanding that plaintiff would expropriate the necessary property. Indeed this is no longer subject to speculation, but is a “fait accompli” because a portion of the very land involved herein was utilized for the extension. In other words, except for this very expropriation proceeding, the land necessary for the extension of Monk-house Drive would still belong to defendant.
The question herein posed stated in its simplest form is: When the word “improvement” appears in our statute and jurisprudence .relating to disregarding any increment in value due to such “improvement” in expropriation proceedings, is such term restricted to the actual highway surface, road bed, etc., or does it include the land necessary for the completion of such “improvement”? In the instant case, it cannot be denied a portion of the land which is the subject of this expropriation was necessary for the construction of this expressway as well as the extension of Monkhouse Drive. I, therefore, feel that if the property in the vicinity became enhanced in value because of the rumor of the extension of Monkhouse Drive, such enhancement as it relates to property in this litigation was due directly to the contemplated “improvement” by the construction of Interstate 20.
For the above reasons, I respectfully dissent from the majority and think the trial judge was correct in concluding the value of the property should be fixed without regard to any enhancement in value due to the extension of Monkhouse Drive; that in reality such extension was a joint undertaking with the State, even though done at a different time.